IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HAROLD ELLIS JACKSON, 40836-037 : | |
| Petitioner : | CIVIL ACTION NO. WDQ-08-3367 |
| : | CRIMINAL ACTION NO.  WDQ-02-305 |
| v. : | |
| : | |
| UNITED STATES OF AMERICA : | |
| Respondent : | |

..oOo..

**MEMORANDUM**

Before the Court is a pleading filed pro se by Harold Ellis Jackson, an inmate at the United States Penitentiary- Pine Knot Texas, requesting modification of his sentence based on his allegedly improper designation at sentencing as a career offender. Jackson is serving a 151 months sentence following the entry of his guilty plea to bank robbery in violation of 18 U.S.C. 2113(a) and (f). *See United States v. Jackson*, Criminal Action No. WDQ-02-305. The Court will construe the pleading as a Motion to Correct Sentence pursuant to 28 U.S.C. § 2255, and the Petition will be dismissed as untimely.[1]

In this proceeding, Jackson attempts to collaterally attack the validity of his sentence. As such, his challenge is properly raised in a 28 U.S.C. §2255 Motion to Vacate, Set Aside, or Correct. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling the subject matter of the motion and not a petitioner's description determines its status). Specifically, Jackson asserts his career

---

[1] Petitions filed under 28 U.S.C. §2255 must be filed within one year of the date the judgment of conviction becomes final. Jackson's first 28 U.S.C. § 2255 petition, received by the Clerk on May 4, 2005, was dismissed as time-barred on May 13, 2005. Second or successive motions under section 2255 may not be filed absent leave to do so from the Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*).

offender status was based in part on an unreasonable prior state sentence,[2] and that defense counsel "overlooked this miscalculation" and provided ineffective assistance. Paper No. 23, p. 2.

To the extent Jackson seeks direct review of his sentence, 18 U.S.C. §3582(c)(2) precludes modification unless certain statutorily prescribed exceptions apply. *See* 18 U.S.C. §3582(c). A court may modify a sentence only: 1) upon motion of the Director of the Bureau of Prisons if "extraordinary and compelling reasons" exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or 3) if the sentencing range is subsequently lowered by the Sentencing Commission. *See* 18 U.S.C. §3582(c)(2). Jackson neither demonstrates compelling nor extraordinary reasons to warrant modification of sentence, and the remaining statutory exceptions are inapplicable. For these reasons, the pleading, construed pursuant to 28 U.S.C. § 2255, will be dismissed by separate Order.

December 18, 2008                                          /s/
 Date                                                 William D. Quarles, Jr.
                                                     United States District Judge

---

[2] In the event a petitioner is successful in vacating a predicate state conviction, thereby lowering his criminal history, post-conviction relief may be available within one year of vacatur upon demonstration of due diligence. *See Johnson v. United States*, 544 U.S. 295, 298 (2005) (applying 28 U.S.C. § 2255 (f)(4)).