IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

HAROLD ELLIS JACKSON                    CRIMINAL NO.: WDQ-02-0305

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending is Harold Ellis Jackson's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.[1] For the following reasons, the motion will be denied.

I.      Background

On June 23, 2003, Jackson pled guilty to robbing a bank. ECF No. 15 at 1. On August 28, 2003, the Court sentenced Jackson to 151 months. *Id.* His conviction was final by October 8, 2003.[2] Jackson had until October 8, 2004 to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[3]

On May 4, 2005, Jackson filed a petition in this Court for a writ of habeas corpus. ECF No. 14.[4] The petition was construed as a § 2255 motion, and denied as untimely. *See* ECF No.

---

[1] No hearing is necessary. *See* Local Rule 105.6 (Md. 2010).

[2] *See United States v. Walker*, 194 F.3d 1307, 1307 (4th Cir. 1999) (conviction is final after a ten-day appeal period plus 30 days of "excusable neglect").

[3] 28 U.S.C. § 2255(f) (prisoner has one year to file).

[4] Jackson claimed, *inter alia*, that his plea agreement required that he serve his sentence in federal, not state, custody. *See* ECF No. 15 at 1 n.1. On March 4, 2007, he was transferred to federal custody. ECF No. 29 at 4.

15 at 1 & n.1, 2. Jackson was not entitled to equitable tolling because he had neither "exercised

due diligence" in pursuing relief, nor "inquire[d] into the status of any post-judgment filings in

his criminal case." ECF No. 15 at 2–3.[5]

On April 19, 2007, the Fourth Circuit denied Jackson's motion for authorization to file a

successive § 2255 motion. ECF No. 20.[6] On November 17, 2008, and October 2, 2009, Jackson

sent letters to the Court that were construed as successive § 2255 motions. ECF Nos. 23, 26. On

December 18, 2008, and October 29, 2009, respectively, Jackson's motions were dismissed for

lack of jurisdiction because the Fourth Circuit had not given Jackson permission to file them.

ECF No. 24 at 1 & n.1; ECF No. 27 at 1. The Court noted that, to the extent Jackson sought

direct review, his sentence could not be modified.[7]

On May 26, 2010, Jackson moved for "relief from judgment" under Fed. R. Civ. P. 60(b),

asserting that the Court erred by re-characterizing his "correspondence" as a § 2255 motion

without giving him notice or an opportunity to amend. ECF No. 29 at 1–2.

---

[5] Jackson asserted that the delay was caused by his lawyer's failure to file a petition. ECF No.
14 at 5. The Court refused to toll the limitations period because "attorney negligence cannot lead
to equitable tolling." ECF No. 15 at 3 & n.4 (*citing Harris v. Hutchinson*, 209 F.3d 325, 330–31
(4th Cir. 2000)).

[6] *See* 28 U.S.C. § 2244(b)(3)(A) (successive motions under § 2255 may be filed only with the
court of appeals's permission).

[7] ECF No. 24 at 1–2; ECF No. 27 at 1 (explaining that the Director of the Bureau of Prisons had
not moved for a modification of the sentence, the Sentencing Commission had not lowered the
sentencing range, and neither Fed. R. Crim. P. 35 nor a statute permitted modification (*citing* 18
U.S.C. 3582(c)(2))).

II.    Jackson's Motion

    A.  Notice of Re-Characterization Was Unnecessary Because Jackson's May 4, 2005

        Petition Was Late

Before a *pro se* prisoner's motion may be construed as his *first* § 2255 motion, the Court

ordinarily must (1) give notice of its intent to re-characterize, and (2) allow the prisoner to

withdraw or amend.  *Castro v. United States*, 540 U.S. 375, 383 (2003).  This notice is required

because of the difficulty in bringing a successive § 2255 motion.[8]  Notification is unnecessary

when there is a procedural bar to relief.[9]

The Court was not required to notify Jackson before re-characterizing his May 4, 2005

habeas petition as a § 2255 motion; he was "not . . . entitled to relief [on the merits] because the

motion [was] not timely."  *Salcedo*, 2009 WL 7059971, at *2; ECF No. 15 at 2.

As Jackson's May 4, 2005 habeas petition was properly re-characterized as a § 2255

motion, notice was not required before construing his November 17, 2008 and October 2, 2009

letters as successive § 2255 motions.  Those successive motions were properly dismissed for lack

of jurisdiction because the Fourth Circuit has never authorized Jackson to file them.  *See* ECF

No. 20.[10]

---

[8] 28 U.S.C. § 2255(h) (requiring "newly discovered evidence" that would sufficiently establish
that the "movant was [not] guilty of the offense," or (2) a "new rule of constitutional law");
*United States v. Winestock*, 340 F.3d 200, 204 (4th Cir. 2003).

[9] *See Salcedo v. United States*, No. 09-23097-Civ-COOKE, 2009 WL 7059971, at *2–*3 (S.D.
Fla. Nov. 2, 2009) (dispensing with notification before construing a writ of *coram nobis* as a §
2255 motion and dismissing it; the motion was time-barred).

[10] *United States v. Sheppard*, No. 10-6679, 2010 WL 3096283, at *1 (4th Cir. Aug. 9, 2010)
(unless the court of appeals gives "pre-filing authorization," the district court "lack[s]
jurisdiction to hear a successive § 2255 motion").

B.  Rule 60(b) Relief Is Unavailable

A proper Rule 60(b) motion "seek[s] a remedy for some defect in the collateral review process" of a conviction or sentence.  *Winestock*, 340 F.3d at 207 (such as a claim that "government agents [had] perpetrated a fraud on the court during the collateral review proceedings").  *Id.* Absent such a claim, Jackson's motion must be denied.

III.    Conclusion

For the reasons stated above, Jackson's motion will be denied.

<u>December 10, 2010</u>
Date

                                    /s/
                     William D. Quarles, Jr.
                     United States District Judge