IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAROLD ELLIS JACKSON, #40836-037,  \*
Petitioner,                         \*      Criminal No. WDQ-02-305
                                    \*      Civil No. WDQ-09-2721
Vs.                                 \*      CA4 10-7744
                                    \*
UNITED STATES OF AMERICA,           \*
Respondent.                         \*
                                   \*\*\*

## MEMORANDUM

This case was remanded so that this court could provide notice to Mr. Jackson, that his motion for relief from judgment docketed on May 26, 2010, will be treated as a motion to vacate under 28 U.S.C. § 2255 and to advise him that he has 28 days from the filing of this Memorandum to advise the court of certain matters, and to consider whether Jackson's Rule 60(b) motion was timely filed.

**I.     Timeliness of Rule 60(b) Motion**

On May 26, 2010, Mr. Jackson filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to grant relief from the judgment. If this motion were considered under Rule 60(b), he would not be entitled to relief because the motion was filed more than five years after entry of judgment and is untimely. *See* Fed. R. Civ. P. 60(c) (1).

For relief under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."[1] When these requirements are satisfied, the litigant must satisfy one of six grounds for relief provided in Rule 60(b): 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it

---

[1] *Hale v. Belton Associates, Inc.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Casualty Automobile Insurance Company*, 993 F.2d 46, 48 (4th Cir.1993)).

is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the operation of the judgment.

Although Mr. Jackson has not specified under which subsection of Rule 60(b) he is proceeding, the court assumes he is relying on Rule 60(b) (6), the only ground available to him in this case.[2] As such, his Rule 60(b)(6) motion must have been filed within a "reasonable time" after entry of the order or judgment. See Fed. R. Civ. P. Rule 60(c) (1).

Mr. Jackson delayed more than five years after the order dismissing his § 2255 petition was entered before he filed his Rule 60(b) motion.[3] As Mr. Jackson acknowledges, he has been actively submitting papers attacking his conviction during this time. Mr. Jackson's statement that he filed his motion within a reasonable time "considering the circumstances" does not provide any reason why this lengthy delay should be considered reasonable. Pet. Correspondence, ECF No. 40.

**II.    The Court Intends to Treat Mr. Jackson's Filing as a Motion to Vacate**

The court intends to treat the filing as a motion to vacate under 28 U.S.C. § 2255. That section provides in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] A Rule 60(b) (1), (2), or (3) motion would be untimely filed in this case because motions under Rule 60 (b) (1), (2), or (3) must be filed no more than one year after entry of judgment. See Fed. R. Civ. P. 60(c) (1).

[3] The Rule 60(b) motion, signed and dated May 24, 2010, was filed on May 26, 2010. ECF No. 29.

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255 also provides that this court may not consider a second or successive motion without a certificate by the United States Court of Appeals for the Fourth Circuit that it contains:

(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

If Mr. Jackson does not want to have his motion for relief from judgment treated as a motion under 28 U.S.C. § 2255, he must notify this court in writing within 28 days whether he wishes to withdraw the motion or have it treated as a motion under § 2255 and ruled upon as submitted. If he wants the filing treated as a motion under 28 U.S.C. § 2255, he should complete the enclosed form motion and return it to the court within 28 days from the date of this Order. If Mr. Jackson does nothing within that time, his motion may be treated as a motion under 28 U.S.C. § 2255 and ruled upon without further notice. See *Castro v. United States*, 540 U.S. 375 (2003). A separate order providing notice will be entered with this Memorandum.

_10/17/11_  
Date

_____  
William D. Quarles, Jr.  
United States District Judge