IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HAROLD ELLIS JACKSON, #40836-037, <br> Petitioner, <br><br> Vs. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | * <br> * Criminal No. WDQ-02-305 <br> * Civil No. WDQ-09-2721 <br> * CA4 10-7744 <br> * <br> * <br> * |

\*\*\*

## MEMORANDUM

Petitioner Harold Ellis Jackson wants to proceed with his Motion as submitted (ECF Nos. 29 and 45) and which was recharacterized by the Court as a Motion to Vacate under 28 U.S.C. § 2255 (ECF Nos. 45 and 46). The court will grant him 28 days to address why principles of equitable tolling apply or his claims are otherwise timely.[1]

### I. Procedural Background

On August 29, 2003, the court sentenced Mr. Jackson to 151months incarceration after he pleaded guilty to bank robbery. On May 4, 2005, he filed a Motion to Vacate under 28 U.S.C. § 2255, which was dismissed as time-barred. Mr. Jackson was denied authorization to file a successive application on April 19, 2007.

On May 24, 2010,[2] Mr. Jackson filed a Motion for Relief from Judgment (ECF No. 29) which this court recharacterized as a Motion to Vacate under § 2255 and dismissed without prejudice. Mr. Jackson appealed. On August 19, 2011, the Fourth Circuit vacated the Order and remanded this case to provide notice of intent to recharacterize the pleading. On October 18, 2011, the Court notified Mr. Jackson that his Rule 60(b) Motion was untimely and the Court intended to

---

[1] *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (a habeas court has discretion to sua sponte dismiss a petition as untimely after giving a petitioner notice and an opportunity to respond) *see also United States v. Sosa*, 364 F.3d 507, 510 n. 4 (4th Cir. 2004) (applying the holding in *Hill v. Braxton* to motions under § 2255).

[2] The Motion is dated and signed May 24, 2010. For purposes of assessing timeliness, the Court deems it filed on the date it was signed and delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D.Md. 1998) (rejecting limitations defense due to applicability of mailbox rule to petitions filed pursuant to 28 U.S.C. §2255).

treat his pleading as a Motion to Vacate under 28 U.S.C. § 2255. ECF Nos. 45 and 46.

**II.    Discussion**

Before this Motion can be considered on its merits, the Court must first address whether the Motion is timely filed.

### A. One Year Limitations Period

A one-year statute of limitations applies to a Motion to Vacate. 28 U.S.C. § 2255(f).[3] Mr. Jackson did not file a direct appeal from his judgment of conviction. His conviction and sentence therefore became final for the purposes of filing a § 2255 motion 10 days after judgment was entered on August 29, 2003, when the time for filing an appeal expired. *See United States v Clay*, 537 U.S. 522, 524-25, 532 (2003); Fed R. App. P. 4 (b) (2002).[4] Consequently, the limitations period started to run in September of 2003 and expired one year later in September of 2004. Mr. Jackson's § 2255 motion, filed May 24, 2010, was more than five years outside the limitations period. Absent equitable tolling, the Motion must be dismissed as time-barred. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2554 (2010) (equitable tolling applies to the one-year limitations period).

---

[3] The statute provides in relevant part:
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[4] At the time judgment was entered against Mr. Jackson the applicable rule gave defendants 10 days after entry of judgment to file a notice of appeal.

### B. Equitable Tolling

The doctrine of equitable tolling serves to stop the running of the limitations clock. Equitable tolling, however, applies only in limited circumstances. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (explaining that equitable tolling is only available in "rare instances"); *United States v. Prescott*, 221 F.3d 686, 688 (characterizing equitable tolling as an "extraordinary remedy" that is only "sparingly granted"). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: 1) that he has been pursuing his rights diligently, and 2) that an extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

### III. Conclusion

The court will grant Mr. Jackson 28 days to state why principles of equitable tolling apply or the Motion is otherwise timely. He is cautioned that failure to timely respond might result in dismissal of the Motion as time-barred. A separate Order follows.

11/2/11
Date

William D. Quarles, Jr.
United States District Judge